IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LISA SMITH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-00375-P |
| | § | |
| **AZZ INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant AZZ Inc.'s Motion for Summary Judgment. ECF No. 14. Plaintiff Lisa Smith failed to file a response. Having considered AZZ's Motion for Summary Judgment, briefing, and applicable law, the Court finds that AZZ's Motion for Summary Judgment should be and hereby is **GRANTED.**

### BACKGROUND[1]

**A.  Factual Background**

1.  <u>Overview of Ms. Smith's Employment with AZZ</u>

AZZ hired Smith for the position of Benefits Manager in February 2016 by Tara Mackey, who was serving as the Interim Chief Human Resources Officer at that time.

---

[1] Because Smith failed to respond to AZZ's Motion for Summary Judgment, the Court recites the factual account as set forth in AZZ's Motion for Summary Judgment and in AZZ's brief in support of its Motion for Summary Judgment, and considers the facts as undisputed. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) ("[T]he district court accepted as undisputed the facts so listed in support of MBank's motion for summary judgment. In our opinion, the district court acted properly in doing so and, since Eversley made no opposition to the motion, the court did not err in granting the motion as MBank's submittals made a *prima facie* showing of its entitlement to judgment.").

Motion Ex. 1, Smith Offer Letter; Affidavit of Matt Emery ("Aff.") at ¶ 5. In June 2016, Matt Emery took over as Chief Human Resources Officer and became Ms. Smith's supervisor. Aff. at ¶ 5. In January 2017, Emery promoted Smith to Director of Corporate Human Resources. *Id*. at ¶ 6. Smith continued to manage the benefits team as she had before, and while she took on some additional duties and direct reports, approximately 85% of Smith's workload and duties was benefits-related. *Id*. Smith supervised nine human resources employees, many of whom were benefits or compensation-related employees. *Id*. at ¶ 9; Motion Ex. 2, Smith Reports Spreadsheet.

AZZ supported and invested in Smith's professional development and success, approving and paying for Smith to attend many developmental and industry trend conferences, career development classes, and various leadership meetings. Aff. at ¶ 7. In addition, Smith was part of the Extended Leadership Team Annual Meeting that is comprised of the top 10% of AZZ's leadership teams. *Id*. At the time of her employment, Smith had two peers: Teresa Minish (Director of Human Resources for AZZ's Industrial platform) and Tom Henderson (Director of Human Resources for AZZ's Electric platform), who are, like Smith, over 40. *Id*. at ¶¶ 9–10.

2. <u>Restructuring for the Benefits Function at AZZ</u>

In May 2018, in order to reduce company costs and streamline Human Resources, AZZ began exploring outsourcing its benefits department. *Id*. at ¶ 12. Emery emailed James Noel at Lockton Dunning ("Lockton"), requesting a conversation regarding the potential management of benefits administration by Lockton, as Lockton was already

providing AZZ with heavy benefits support administration at that time, in addition to AZZ's in-house benefits team. *Id.*; Motion Ex. 3, May 3, 2018 Email. Upon a review of proposals from Lockton and the proposed costs associated with outsourcing the entire benefits function, Emery estimated an annual cost savings for AZZ of $175,000. Aff. at ¶13; Motion Ex. 4, Benefits Outsourcing Business Case. Emery presented the business case for fully outsourcing benefits to AZZ's CEO before moving forward to finalize the deal with Lockton. Aff. at ¶ 13.

As such, once it was approved by AZZ's CEO, in November 2018, Emery informed Smith that the Human Resources department was restructuring and that her position was being eliminated. *Id.* at ¶ 14. In this conversation, Emery offered Smith a severance package, which Smith rejected, replying with words to the effect, *Well, I can't say that you did not tell me. You kept telling me to look for a job and I never did it. Id.* (emphasis added). The benefits employees who worked for Smith, Chantel Perez, Kristina Pryor, and Donna Pena, were kept on at AZZ for a few more weeks to continue the day-to-day benefits administration work while Lockton began the transition of services to their firm. *Id.* at ¶ 15. In connection therewith, Pena was laid off and provided a severance package; Perez and Pryor both subsequently interviewed with Lockton and were ultimately hired by Lockton to perform benefits administration for AZZ's account. *Id.*

Smith's position, Director of Corporate Human Resources, was permanently eliminated from AZZ, and no one has or will replace her in that position. *Id.* at ¶ 16. The majority of Smith's duties were outsourced to Lockton, and the rest were absorbed by the

3

remaining employees in the Human Resources department. *Id*. The other AZZ benefits team positions were also permanently eliminated, and no one has replaced any of those positions. *Id*. at ¶ 17.

**B.     Procedural Background**

On February 26, 2019, AZZ was notified that Smith filed a Charge of Discrimination with the Fort Worth Human Relations Commission ("FWHRC") and with the U.S. Equal Employment Opportunity Commission ("EEOC"). Motion Ex. 5, February 26, 2019 Letter from the FWHRC and Charge. Smith's Charge alleged that AZZ discriminated against her based on her race and sex. *Id*.

On November 1, 2019, following AZZ's submission of its position statement, the FWHRC issued its Letter of Determination, finding that its "[e]xamination of the evidence indicates that there is not reasonable cause to believe that [AZZ] violated the City of Fort Worth's Fair Employment Ordinance No. 7278, as amended; Title VII of the Civils [sic] Rights Act of 1964, as amended; or the Texas Commission on Human Rights Act, as amended." Motion Ex. 6, November 1, 2019 Letter of Determination. On December 30, 2019, the EEOC issued its Dismissal and Notice of Rights letter. Motion Ex. 7, December 30, 2019 Dismissal and Notice of Rights Letter.

Smith filed this action on March 16, 2020, in Tarrant County, Texas. Pet., ECF No. 1-2. AZZ removed the case to this Court based on subject matter jurisdiction. In this lawsuit, Smith claims: (1) AZZ violated Title VII based on color and race; (2) AZZ violated the Age Discrimination in Employment Act ("ADEA"); (3) AZZ violated Title

VII based on sex; (4) AZZ wrongfully terminated Plaintiff; and (5) AZZ violated the Equal Pay Act. Pet. at ¶¶ 18–44. On January 14, 2021, AZZ filed a Motion for Summary Judgment, seeking summary judgment on each of Smith's claims. ECF No. 14. As of the date of this Order, Smith has not responded. Therefore, AZZ's Motion for Summary Judgment is now ripe for review.

## LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

After the nonmoving party has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find in its favor, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 175 (5th Cir. 2000). When the nonmoving party does not respond, the Court treats the facts the moving party has raised as "undisputed for the purposes of the motion." FED. R. CIV. P. 56(e)(2); *Eversley*, 843 F.2d at 174.

## ANALYSIS

**A.    Smith's color and age discrimination claims fail as a matter of law because Smith failed to exhaust her administrative remedies before filing suit.**

Smith only asserted claims of discrimination based on race and sex in her EEOC charge. Since Smith has failed to exhaust her administrative remedies as to her claims based on color and age claims, the Court finds that AZZ's Motion for Summary Judgment should be and is hereby **GRANTED** as to those claims.

To bring a suit under Title VII or the ADEA, a plaintiff must file a charge of discrimination with the EEOC to exhaust her administrative remedies. *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378 (5th Cir. 2019). "A failure to assert a claim of discrimination in an EEOC charge and/or its lack of development in the course of a reasonable investigation precludes the claim from later being brought in a civil suit." *Konnethu v. Harris Cty. Hosp. Dist.*, 669 F. Supp. 2d 781, 792, n.37 (S.D. Tex. 2009) (citing *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 274 (5th Cir. 2008)).

In this case, Smith's EEOC Charge only made claims regarding race and sex. Brief at ¶ 17 (citing Motion Ex. 5). Smith's Charge included no claims regarding color or age, despite the Charge form providing the option to include those specific claims. *Id.* (citing Motion Ex. 5). Smith's attempt to combine color with race under a single cause of action in her Petition is improper because, in the context of discrimination suits, "[r]ace and color are two distinct categories" and Smith only invoked the race category. *Washington v. Tarrant Cty.*, No. 4:18-CV-020-A, 2018 WL 1813304, at *3 (N.D. Tex. Apr. 17, 2018) (McBryde, J.) (dismissing Plaintiff's claim of discrimination for color because it was not

administratively exhausted, noting "[h]ere, plaintiff clearly checked only the space for 'race' and not the immediately adjacent space for 'color' on her EEOC charge form") (internal citations omitted). Therefore, because Smith failed to exhaust her administrative remedies as to her claims based on color and age, the Court finds that, as to those claims, AZZ's Motion for Summary Judgment should be and is hereby **GRANTED.**[2]

**B.     Smith's race, color, sex, and age discrimination claims fail as a matter of law because Smith fails to allege or prove an adverse employment action, under Title VII, taken against her.**

Smith alleges AZZ discriminated against her based on her color, race, sex, and age, by treating her differently than her colleagues and being replaced by a younger, white male.[3] These claims fail because Smith fails to allege an adverse employment action under Title VII and her position with AZZ was eliminated entirely.

Title VII prohibits discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802–04, 93 (1973), applies to ADEA and Title VII cases based on circumstantial evidence of discrimination. *Alzuraqi v. Grp. 1 Auto., Inc.*, 921 F. Supp. 2d 648, 663 (N.D. Tex. 2013) (citing *Jackson v. Cal–Western*

---

[2]In Texas—a deferral state—a plaintiff alleging claims under Title VII or the ADEA must file an EEOC charge within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e–5(e); 29 U.S.C. § 626(d)(2); *Champlin v. Manpower Inc.*, No. 4:16-CV-00421, 2018 WL 572997, at *3 (S.D. Tex. Jan. 24, 2018) (quoting *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 384, 391 n.3 (5th Cir. 2002) (internal citation omitted)). Therefore, Smith's claims based on color and age are time-barred because more than 300 days have passed since her position was eliminated in November of 2018.

[3]Pet. at ¶¶ 22–23, 28, 29–30, 34–35, 42, 44.

*Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010)). Under this framework, for her Title VII claims, a plaintiff must show that she: (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, show that others similarly situated were treated more favorably. *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).

Once a plaintiff has made a *prima facie* case, the defendant has the burden of producing a legitimate, nondiscriminatory reason for the adverse employment action. *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 347 (5th Cir. 2013). The burden then shifts back to the plaintiff to show by a preponderance of the evidence that the employer's explanation is a pretext for discrimination. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143, (2000). Specifically, the "plaintiff must substantiate [her] claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). To carry this burden, the plaintiff must produce substantial evidence to rebut each nondiscriminatory reason articulated by the defendant. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015); *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Alternatively, the plaintiff can produce evidence to show that she was clearly better qualified than the person selected for the position. *Churchill v. Texas Dept. of Crim. Justice*, 539 F. App'x 315, 318 (5th Cir. 2013); *Price*, 283 F.3d at 723.

As the Fifth Circuit has explained:

> If the plaintiff can show the employer's asserted justification is false, this showing, coupled with a prima facie case, may permit the trier of fact to conclude that the employer discriminated against the plaintiff without additional evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 210 S. Ct. 2097, 147 L.Ed. 2d 105 (2000). However, such a showing will not always be enough to prevent summary judgment, because there will be cases where a plaintiff has both established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, yet "no rational factfinder could conclude that the action was discriminatory." *Id*. Whether summary judgment is appropriate depends on numerous factors, including "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employee's case and that properly may be considered." *Id*. at 148–49, 120 S. Ct. 2097.

*Price*, 283 F.3d at 720.

   1. <u>Smith's claim that she was treated differently than her colleagues fails because the alleged conduct does not constitute an adverse employment action under Title VII.</u>

Without proving an adverse employment action, a Title VII plaintiff cannot make the necessary *prima facie* case of discrimination or retaliation. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). In establishing a *prima facie* case of discrimination, adverse employment actions are defined as an "ultimate employment decision," such as "hiring, granting leave, discharging, promoting, or compensating." *Id*. at 559. "Allegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions." *Alzuraqi*, 921 F. Supp. 2d at 664 (citing *King v. Louisiana*, 294 Fed. App'x. 77, 85 (5th Cir. 2008)) (citation omitted).

Smith alleges in her Petition that she was "treated differently" than her lateral colleagues and her "white male colleagues were treated more favorably." Pet. at ¶¶ 22–

9

23, 29–30, 34–35, 42. Specifically, Smith alleges she was not allowed to participate in management meetings or voice her opinion, and when she did voice her opinion, it was disregarded, belittled, or received resistance. *Id*. In addition, Smith alleges her white male colleagues were treated more favorably, allowed to participate in meetings, allowed to provide opinions—which were not received with a negative attitude—and did not receive push back on their opinions and participation. *Id*. These allegations represent unfair treatment, which do not constitute actionable adverse employment actions. *Breaux v. City of Garland,* 205 F.3d 150, 158 (5th Cir. 2000) (holding that criticism, oral threats, abusive remarks, and threats of termination did not rise to the level of adverse employment action). The Court finds that Smith's allegations constitute unfair treatment, not actionable adverse employment actions. For these reasons, AZZ's Motion for Summary Judgment should be and is hereby **GRANTED** as to Smith's disparate treatment claims.

    2.    <u>Smith's Title VII claim that she was replaced by a younger, white male fails because the uncontroverted record shows Smith's position was eliminated entirely.</u>

Smith claims a violation under Title VII because she was replaced by a younger, white male. Pet. at ¶ 28. The uncontroverted record reflects this younger, white male to be Trey Quinn. Brief at ¶ 31 (citing Motion Ex. 8, Interrogatory Response 7; Motion Ex. 6). However, Smith's contention fails because she was not replaced by Quinn. *Id*. (citing Aff. at ¶ 17). Smith's position was eliminated as the result of outsourcing the entire benefits administration function, which also resulted in the elimination of the positions of the three other individuals—Chantel Perez (Hispanic, female), Kristina Prior (White, female), and

Donna Pena (White, female)—working under Smith in the benefits administration function who also belong to Smith's protected classes. *Id.* at ¶ 15; Motion Ex. 6. For these reasons, AZZ's Motion for Summary Judgment should be and is hereby **GRANTED** as to Smith's claim that AZZ replaced her position with a younger, white male.

**C.   Smith's wrongful termination claims under the ADEA and Title VII fail as a matter of law because Smith's position was eliminated at the time of her termination and never filled.**

Smith alleges that AZZ wrongfully terminated her based on her age and race. Pet. at ¶¶ 38–42. However, these claims fail because Smith's position was eliminated entirely at the time of her termination and it has not been filled since.

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* age discrimination case under the ADEA for wrongful termination, a plaintiff must show that: (1) she was discharged; (2) she was qualified for the position; (3) she was within the protected class at the time or discharge; and (4) she was either replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of her age. *Jackson*, 602 F.3d at 378. Under Title VII, to establish a *prima facie* case of wrongful termination based on discrimination, a plaintiff must show (i) she belonged to the protected class (at least forty years of age); (ii) she was otherwise qualified for her position; (iii) she was discharged; and (iv) her employer subsequently hired people outside the protected class to

fill the position, or she was otherwise discharged because of her protected class. *Moore v. Potter*, 716 F. Supp. 2d 524, 534 (S.D. Tex. Dec. 17, 2008) (citing *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)) (citations omitted); 29 U.S.C. § 631(a).

In this case, Smith was discharged from her position as Director of Corporate Human Resources because the position was eliminated altogether, and no individual has been hired for that nonexistent position. Brief at ¶ 44; Aff. at ¶¶ 16–17. The uncontroverted record establishes that Quinn never assumed Smith's eliminated position. Brief at ¶ 44; Aff. at ¶¶ 16–17. Even if Quinn had replaced Smith in her since eliminated role, Smith would still have no wrongful termination claim under the ADEA because Quinn is over forty years-old, therefore, a member of the same protected class as Smith. Brief at ¶ 44. For these reasons, AZZ's Motion for Summary Judgment should be and is hereby **GRANTED** as to Smith's wrongful termination claims under the ADEA and Title VII.

**D.    Smith's Equal Pay Act claim fails as a matter of law because the uncontroverted record proves she was paid a higher salary than her male peer.**

Smith alleges that AZZ discriminated against her in violation of the Equal Pay Act ("EPA") by paying her less than her counterparts, lower level employees, and the individual that replaced her. Pet at. ¶¶ 43–44. Smith's EPA claim fails because she fails to prove the required elements of an EPA claim because the uncontroverted record proves she was actually paid more than her male peer.

Under the EPA, a plaintiff must show that "(1) her employer is subject to the Equal Pay Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the

employee of the opposite sex providing the basis of comparison." *Badgerow v. REJ Properties, Inc.*, 974 F.3d 610, 616–17 (5th Cir. 2020) (citing *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)); *see* 29 U.S.C. § 206(d)(1). Here, Smith fails to plead or provide sufficient evidence supporting the first two elements under the EPA. Even if Smith properly pled the first two elements, Smith had only two peers at her level during her employment with AZZ: Teresa Minish (Director of Human Resources for AZZ's Industrial platform) and Tom Henderson (Director of Human Resources for AZZ's Electric platform) who, like Smith, are over the age of forty. Brief at ¶ 7; Aff. at ¶¶ 9–10. Contrary to Smith's claim, her salary was 22% higher than her male peer, Tom Henderson's salary. Brief at ¶ 36; Aff. at ¶¶ 9–10. For these reasons, AZZ's Motion for Summary Judgment should be and is hereby **GRANTED** as to Smith's EPA claim.

## CONCLUSION

For the foregoing reasons, the Court finds that AZZ Inc.'s Motion for Summary Judgment (ECF No. 14) should be and is hereby **GRANTED.** Accordingly, Plaintiff's claims against AZZ are **DISMISSED with prejudice.**

**SO ORDERED** on this **23th day** of **March, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

13